McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:17-cr-215 MCE |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE:      MAY 2, 2019 |
| CAMERON FOX, | TIME:      10:00 A.M. |
| Defendant. | COURT:   Hon. MORRISON C. ENGLAND, JR. |

## I.    INTRODUCTION

### A.    Scope of Agreement.

The superseding information in this case charges the defendant with a violation of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.    Court Not a Party.

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in

PLEA AGREEMENT                                        1

1  the superseding information.  The Court is under no obligation to accept any recommendations made by
2  the government, and the Court may in its discretion impose any sentence it deems appropriate up to and
3  including the statutory maximum stated in this plea agreement.

4  ·If the Court should impose any sentence up to the maximum established by the statute, the
5  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all
6  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,
7  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will
8  receive.

9  **II.  DEFENDANT'S OBLIGATIONS**

10  **A.  Guilty Plea.**

11  The defendant will plead guilty to Count One in the Information, Distribution of Child
12  Pornography, in violation of 18 U.S.C. § 2252(a)(2).  The defendant agrees that he is in fact guilty of
13  this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are
14  accurate.

15  The defendant agrees that this plea agreement will be filed with the Court and become a part of
16  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his
17  plea(s) should the Court not follow the government's sentencing recommendations.

18  The defendant agrees that the statements made by him in signing this Agreement, including the
19  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by
20  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a
21  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)
22  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this
23  Agreement generally.

24  1.  Waiver of Indictment:

25  The defendant acknowledges that under the United States Constitution he is entitled to be
26  indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P.
27  7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges
28  set forth in the information.  The defendant agrees that at a time set by the Court, he will sign a written

PLEA AGREEMENT                    2

1  waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

2          2.    Remand.

3          The defendant acknowledges that the crime to which he is pleading guilty is listed in 18

4  U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

5      **B.**    **Restitution.**

6      The defendant agrees that his offense is governed by 18 U.S.C. § 2259, which requires the Court

7  to order restitution. The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is

8  required to order restitution for the full amount of the victims' compensable losses as defined by 18

9  U.S.C. § 2259(b)(3) and (c), and that may be proved by the United States or stipulated to by the parties.

10  The defendant understands that there is at least 1 victim identified in this case, and that the victim's

11  compensable losses could range from approximately $1,000 to $150,000. The defendant understands

12  that these figures are an estimate and that the amount of restitution will be determined by the Court.

13          1.    Agrees to pay restitution on dismissed counts.

14      Defendant agrees to pay restitution to the victims of the dismissed counts pursuant 18 U.S.C. §

15  3663(a)(3) in an amount between approximately $1,000 to $150,000. The defendant understands that

16  these figures are an estimate and that the amount of restitution will be determined by the Court.

17      Defendant further agrees that he will not seek to discharge any restitution obligation or any part

18  of such obligation in any bankruptcy proceeding.

19      Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the

20  Court.

21      **C.**    **Fine.**

22      The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a

23  fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively

24  prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury

25  to the Probation Officer and the government in advance of the issuance of the draft Presentence

26  Investigation Report, along with supporting documentation. The government retains the right to oppose

27  the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered

28  by the Court, up to the statutory maximum fine for the defendant's offense.

PLEA AGREEMENT         3

1   **D.      Special Assessments.**

2   . The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

3   a check or money order payable to the United States District Court to the United States Probation Office

4   immediately before the sentencing hearing.  The defendant understands that this plea agreement is

5   voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the

6   defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money

7   to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

8   The defendant also agrees to pay a special assessment of $5,000 at the time of sentencing if the

9   court finds he is non-indigent, pursuant to 18 U.S.C. § 3014.  Any monies paid by the defendant will not

10  be credited to this special assessment until the defendant has satisfied all outstanding court-ordered

11  fines, orders of restitution, and any other obligation related to victim compensation arising from the

12  criminal convictions on which the special assessment is based.

13  **E.      Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

14  If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

15  his plea, this plea agreement is voidable at the option of the government.  If the government elects to

16  void the agreement based on the defendant's violation, the government will no longer be bound by its

17  representations to the defendant concerning the limits on criminal prosecution and sentencing as set

18  forth herein.  A defendant violates the plea agreement by committing any crime or providing or

19  procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in

20  any litigation or sentencing process in this case, or engages in any post-plea conduct constituting

21  obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding

22  arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through

23  counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1)

24  to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts

25  that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would

26  otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for

27  any federal criminal violation of which the government has knowledge.  The decision to pursue any or

28  all of these options is solely in the discretion of the United States Attorney's Office.

PLEA AGREEMENT                           4

1  By signing this plea agreement, the defendant agrees to waive any objections, motions, and
2  defenses that the defendant might have to the government's decision.  Any prosecutions that are not
3  time-barred by the applicable statute of limitations as of the date of this plea agreement may be
4  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of
5  limitations between the signing of this plea agreement and the commencement of any such prosecutions.
6  The defendant agrees not to raise any objections based on the passage of time with respect to such
7  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy
8  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as
9  of the date of this plea agreement.  The determination of whether the defendant has violated the plea
10  agreement will be under a probable cause standard.

11  In addition, (1) all statements made by the defendant to the government or other designated law
12  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
13  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
14  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
15  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
16  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
17  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
18  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

19  **F.    Forfeiture.**

20  The defendant agrees to forfeit to the United States voluntarily and immediately all of his right
21  title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a).  Those assets
22  include, but are not limited to, the following:

23      a. Black Motorola Droid Smart Phone – XT1585 Turbo 2;
    b. Sandisk Cruzer thumb drive;
24      c. Blue Motorola Droid phone, Model #XT1254;
    d. Black iPhone4, Model #A1349;
25      e. Samsung Tablet, Model #GT-P3113, serial RF2D20XAVSA;
26      f. Black Made Computer Tower, currently booked under tag 170003171;
    g. Toshiba Satellite laptop, Model #M115;
27      h. Blue HP invent CD-R disc, 700mb; and
    i. Motorola Verizon Cell phone XD926.
28

PLEA AGREEMENT                              5

1  The defendant agrees that the listed assets constitute property involved in a violation of 18 U.S.C. §
2  2252(a)(4)(B).

3          The defendant agrees to fully assist the government in the forfeiture of the listed assets and to
4  take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell,
5  transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed
6  assets.

7          The defendant agrees not to file a claim to any of the listed property in any civil proceeding,
8  administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of
9  any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a
10  claim in that forfeiture proceeding.

11         The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of
12  assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses
13  to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense,
14  and agrees to waive any claim or defense under the Eighth Amendment to the United States
15  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,
16  the State of California or its subdivisions.

17         The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any
18  defenses or defects that may pertain to the forfeiture.

19     **G.     Asset Disclosure.**

20         The defendant agrees to make a full and complete disclosure of his assets and financial
21  condition, and will complete the United States Attorney's Office's "Authorization to Release
22  Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change
23  of plea, including supporting documentation. The defendant also agrees to have the Court enter an order
24  to that effect. The defendant understands that if he fails to complete truthfully and provide the described
25  documentation to the United States Attorney's office within the allotted time, he will be considered in
26  violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E
27  above.

28

PLEA AGREEMENT                                    6

1           **III.**     **THE GOVERNMENT'S OBLIGATIONS**

2     **A.**     **Dismissals/Other Charges.**

3       The government agrees to move, at the time of sentencing, to dismiss without prejudice the

4 remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed

5 count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation

6 of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B. (Stipulated Guideline Calculation), and

7 VII.B (Waiver of Appeal and Collateral Attack) herein.

8     **B.**     **Recommendations.**

9         1.     Incarceration Range and Supervised Release.

10       The government will recommend that the defendant be sentenced to the statutory

11 maximum sentence of 20 years or 240 months in prison, and a term of 25 years of supervised release.

12         2.     Acceptance of Responsibility.

13       The government will recommend a two-level reduction (if the offense level is less than

14 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if

15 the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

16 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of

17 the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

18 in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

19 preparation of the pre-sentence report or during the sentencing proceeding.

20     **C.**     **Use of Information for Sentencing.**

21       The government is free to provide full and accurate information to the Court and Probation,

22 including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

23 statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also

24 understands and agrees that nothing in this Plea Agreement bars the government from defending on

25 appeal or collateral review any sentence that the Court may impose.

26           **IV.**     **ELEMENTS OF THE OFFENSE**

27       At a trial, the government would have to prove beyond a reasonable doubt the following

28 elements of the offense to which the defendant is pleading guilty, <u>Distribution of Child Pornography</u>, in

PLEA AGREEMENT       7

violation of 18 U.S.C. § 2252(a)(2):

        First, between in or about November 2016, and on or about April 8, 2017, the defendant knowingly distributed a visual depiction in interstate commerce;

        Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

        Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

        Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

        Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

        The defendant fully understands the nature and elements of the crime charged in the superseding information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

**V.**    **MAXIMUM SENTENCE**

   **A.**    **Maximum Penalty.**

        The maximum sentence the Court can impose is 20 years of incarceration, a fine of $250,000, a supervised release term of up to life, and a special assessment of $100, and a special assessment of $5,000 if the defendant is non-indigent. The minimum sentence the Court can impose is 5 years of incarceration. The minimum term of supervised release the Court can impose is 5 years. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

   **B.**    **Violations of Supervised Release.**

        The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 3 additional years imprisonment. In some cases, a person who is required to

PLEA AGREEMENT         8

1  register as a sex offender and then commits certain new law violations involving crimes against minors
2  can be ordered to return to prison for a minimum of 5 additional years.

3  ## VI.    SENTENCING DETERMINATION

4  ### A.    Statutory Authority.

5  The defendant understands that the Court must consult the Federal Sentencing Guidelines and
6  must take them into account when determining a final sentence.  The defendant understands that the
7  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the
8  Sentencing Guidelines and must take them into account when determining a final sentence.  The
9  defendant further understands that the Court will consider whether there is a basis for departure from the
10  guideline sentencing range (either above or below the guideline sentencing range) because there exists
11  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into
12  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further
13  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must
14  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

15  ### B.    Stipulations Affecting Guideline Calculation:

16  The government and the defendant agree that there is no material dispute as to the following
17  sentencing guidelines variables and therefore stipulate to the following:

18       1.    Base Offense Level: 32       [U.S.S.G. § 2G2.1 because of the cross-reference
                                             found in § 2G2.2(c), since the resulting offense
19                                           level is higher under § 2G2.1]

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

PLEA AGREEMENT                                    9

2.  Specific Offense Characteristics:

    a.    +2    [U.S.S.G. §2G2.1(b)(2)(A), the offense involved the commission of a sex act]

    b.    +2    [U.S.S.G. § 2G2.1(b)(3), the defendant knowingly engaged in distribution]

    c.    +4    [U.S.S.G. § 2G2.1(b)(4)(A), the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence]

            +2    [U.S.S.G. § 2G2.1(b)(6), the offense involved the use of a computer or an interactive computer service for the purpose of soliciting participation of a minor to engage in sexually explicit conduct or to facilitate the travel of a minor to engage in sexually explicit conduct]

3.  Adjusted Offense Level:  42

4.  Acceptance of Responsibility:  See paragraph III.B.2 above

5.  Criminal History:  The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.

6.  Sentencing Range:   The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.

7.  Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's cooperation (§5K1.1) or post-plea obstruction of justice (§3C1.1). Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court. The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence

1   than what is called for under the advisory guideline range as determined by the Court, that will be

2   considered a violation of the plea agreement. The government's remedies and remaining obligations in

3   this agreement shall be as outlined in paragraph II.E, above.

4          **C.**    **Agreement to Recommend a Specific Sentence.**

5            The defendant and the government agree to jointly recommend a sentence of 240 months or 20

6   years in prison, and a supervised release term of 25 years.

7                       **VII.**     **WAIVERS**

8          **A.**    **Waiver of Constitutional Rights.**

9            The defendant understands that by pleading guilty he is waiving the following constitutional

10   rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

11   be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative .

12   defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

13   conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

14   testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

15   compelled to incriminate himself.

16          **B.**    **Waiver of Appeal and Collateral Attack.**

17            The defendant understands that the law gives the defendant a right to appeal his guilty plea,

18   conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to

19   appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

20   exceed the statutory maximum for the offense to which he is pleading guilty. The defendant

21   understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

22   challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which

23   defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

24   attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant

25   specifically gives up the right to appeal any order of restitution the Court may impose.

26            Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

27   one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

28   statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant

1 | understands that these circumstances occur infrequently and that in almost all cases this Agreement
2 | constitutes a complete waiver of all appellate rights.

3 | In addition, regardless of the sentence the defendant receives, the defendant also gives up any
4 | right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any
5 | aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

6 | Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever
7 | attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of
8 | the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E
9 | herein.

10 | **C.     Waiver of Attorneys' Fees and Costs.**

11 | . The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-
12 | 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the
13 | investigation and prosecution of all charges in the above-captioned matter and of any related allegations
14 | (including without limitation any charges to be dismissed pursuant to this plea agreement and any
15 | charges previously dismissed).

16 | **D.     Sex Offender Registration.**

17 | Defendant understands that by pleading guilty, defendant will be required to register as a sex
18 | offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §
19 | 3583(d). Defendant also understands that independent of supervised release, he will be subject to
20 | federal and state sex offender registration requirements, and that those requirements may apply
21 | throughout his life. The defendant understands that he shall keep his registration current, shall notify the
22 | state sex offender registration agency or agencies of any changes to defendant's name, place of
23 | residence, employment, or student status, or other relevant information. Defendant shall comply with.
24 | requirements to periodically verify in person his sex offender registration information. Defendant
25 | understands that he will be subject to possible federal and state penalties for failure to comply with any
26 | such sex offender registration requirements. If he resides in California following release from prison, he
27 | will be subject to the registration requirements of Penal Code section 290. Defendant further
28 | understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

1   upon his release from confinement following conviction.  As a condition of supervised release,

2   defendant shall initially register with the state sex offender registration in California, and shall also

3   register with the state sex offender registration agency in any state where defendant resides, is

4   employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with

5   all requirements of federal and state sex offender registration laws, including the requirement to update

6   his registration information.  Defendant shall provide proof of registration to the Probation Officer

7   within 72 hours of release from imprisonment.

8                              **VIII.    ENTIRE PLEA AGREEMENT**

9          Other than this plea agreement, no agreement, understanding, promise, or condition between the

10  government and the defendant exists, nor will such agreement, understanding, promise, or condition

11  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

12  counsel for the United States.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLEA AGREEMENT                          13

1

## IX.   APPROVALS AND SIGNATURES

2    **A.    Defense Counsel.**

3    I have read this plea agreement and have discussed it fully with my client. The plea agreement

4    accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

5    plead guilty as set forth in this plea agreement.

6    Dated:    4|23|19

7    _____
     LEXI NEGIN

8    Attorney for Defendant

9

10   **B.    Defendant:**

11   I have read this plea agreement and carefully reviewed every part of it with my attorney. I

12   understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully

13   understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

14   case. No other promises or inducements have been made to me, other than those contained in this plea

15   agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

16   Finally, I am satisfied with the representation of my attorney in this case.

17   Dated:    4|23|19

     _____
     CAMERON FOX

18   Defendant

19

20   **C.    Attorney for United States:**

21   I accept and agree to this plea agreement on behalf of the government.

22   Dated:    4/24/19

     McGREGOR W. SCOTT
     United States Attorney

23

24   _____
     ROSANNE L. RUST

25   Assistant United States Attorney

26

27

28

PLEA AGREEMENT                              14

**EXHIBIT "A"**

**Factual Basis**

In the fall of 2016, the defendant met Juvenile Victim 1 online through the dating website, OKCupid. Shortly thereafter, and before the two ever met in person, Juvenile Victim 1 told the defendant that s/he was a minor (and the defendant later admitted this fact to law enforcement). Throughout their interactions, the defendant confirmed he knew Juvenile Victim 1 was underage and in fact, in one text message to Juvenile Victim 1, stated "it [was] better anyway" from his perspective that s/he was a minor. He also confessed that he had been "into" minors like Juvenile Victim 1 for "sometime." At all relevant times, Juvenile Victim 1 was a 17-year-old minor.

The first time the defendant met Juvenile Victim 1 in person was in early November 2016. During that encounter and on three subsequent occasions between November 2016 and April 2017, the defendant had sexual intercourse with Juvenile Victim 1. During those sexual encounters, the defendant often used a cellphone, including his black Motorola Android phone, to record the two of them having sex on video—a fact he admitted to law enforcement during the investigation. The defendant also used a cellphone during his meetings with Juvenile Victim 1 to take photographs of Juvenile Victim 1 engaged in sexually explicit conduct.

In one such video the defendant made using his black Motorola Android phone, VID_20161109_212554684.mp4, Juvenile Victim 1 can be seen completely nude on a bed with white sheets. Juvenile Victim 1 is then seen orally copulating the defendant, who can be heard talking to Juvenile Victim 1 as s/he performs fellatio on him. After creating this video, the defendant sent it to Juvenile Victim 1 using his black Motorola Android phone, and it was recovered on Juvenile Victim 1's iPhone.

Additionally, the defendant used his black Motorola Android phone on or about April 4, 2017, to take multiple color photographs of Juvenile Victim 1, including: (1) IMG_20170404_211830074.jpg and (2) IMG_20170404_211504693.jpg. In IMG_20170404_211830074.jpg, Juvenile Victim 1 can be seen wearing a bra and underwear and s/he is on her hands and knees. Around Juvenile Victim 1's neck is a grey metal chain the defendant is pulling back on. Juvenile Victim 1 has red marks on the left buttocks consistent with the defendant spanking Juvenile Victim 1. Juvenile Victim 1 is also wearing thong underwear and his/her anus can be seen in the image.

In IMG_20170404_211504693.jpg, Juvenile Victim 1 is wearing the same underwear as in IMG_20170404_211830074.jpg. Juvenile Victim 1 is still on his/her hands and knees with the red mark visible on Juvenile Victim 1's left buttocks from where the defendant spanked him/her. The defendant has placed a keyboard on his/her lower back, and the defendant's penis can be seen in the photograph.

Several days after taking the above-described photographs, specifically, on or about April 8, 2017, the defendant texted them from his cellphone to Juvenile Victim 1, and they were recovered on Juvenile Victim 1's iPhone. Along with the photographs, the defendant sent the following text messages: "I liked having a decent desk to put my keyboard on" and "[p]hysical sadism is fun but I like to mix it up with psychological humiliation."

Later, when the defendant spoke with law enforcement, he also told officers that he used a large metal chain and zip ties during his last sexual encounter in April 2017 with Juvenile Victim 1. Law enforcement seized zip ties during a search warrant of the defendant's residence, in particular his

PLEA AGREEMENT                                              A-1

1  bedroom, and the chain he used in the above-described photographs.  The chain is approximately 6 feet
2  in length and it weighs approximately 15 pounds.

3      Both Motorola Android phones and iPhones are manufactured outside the State of California.

4      I declare under penalty of perjury that the facts contained in this Exhibit are true to the best of
5  my understanding, and that this Exhibit accurately describes my conduct in this case.

6  Dated:  4|23|19
7                                    _____
                                     CAMERON FOX
8                                    Defendant

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEA AGREEMENT                           A-2