HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Attorney for Defendant
CAMERON FOX

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-215 MCE |
| Plaintiff, | DEFENDANT'S FORMAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT |
| v. | |
| CAMERON FOX, | Dates: August 1, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Morrison C. England, Jr. |
| Defendant. | |

    Mr. Cameron Fox, by and through undersigned counsel, respectfully submits the following formal objections to the Presentence Investigation Report (PSR) filed on July 11, 2019 (Dkt. 69) as follows:

    JVTA ASSESSMENT:

    Mr. Fox objects to the PSR recommendation of the $5,000 JVTA assessment because he is indigent. Title 18 U.S.C. §3014 requires the Court to assess $5,000.00 on any **non-indigent** person convicted under… chapter 110. The statute is written in the present tense and does not speak to earning potential as factoring in to the definition of "non-indigent." The statute does not provide any definition of "non-indigent". Black's Law Dictionary defines "indigent" as 1. A poor person. 2. Someone who is found to be financially unable to pay filing fees and court costs and so is allowed to proceed *in forma pauperis*. Mr. Fox qualifies for appointment of counsel and would qualify to proceed *in formal pauperis* if he were filing a civil claim. Canons of Statutory construction requires nothing be added to what the text states, or in other words, a

matter not covered is to be treated as not covered.  Specifically, the statute does not cover potential imaginary future earnings when taking into consideration who is non-indigent.  The rule of lenity requires the court to apply any unclear or ambiguous law in the manner most favorable to the defendant.  If the definition of non-indigent is unclear, then the interpretation should inure to the benefit of Mr. Fox and the Court should not impose the JVTA assessment.

As demonstrated herein and in the PSR at paragraph 77, Mr. Fox has no assets and approximately $4,000.00 in debt.  Mr. Fox agrees with the government that 20 years in prison is an appropriate sentence in this case and thus he will spend a significant amount of his potential working years in prison.  He will be a registered sex offender upon his release.  His earning potential in prison will be minimal and his prospects for gainful employment upon release after his lengthy prison sentence as a sex offender are minimal.  The JVTA statute *excludes* indigent people.  It is hard to imagine who the statute contemplated qualifying as indigent if not someone without any assets like Mr. Fox.  Therefore Mr. Fox respectfully requests that the Court find that he is indigent and not impose the $5,000.00 JVTA special assessment.

VICTIM IMPACT STATEMENT

Attached to the PSR is a statement written by the parents of the complainant in this case.  Although the Court may consider the statement in its analysis of the 18 U.S.C. §3553(a) factors, its consideration as a "victim impact statement" is prohibited by statute[1] and it should not be included with the PSR as a Victim Impact Statement.

"Victim" is a legal term, which means "a person directly and proximately harmed as a result of the commission of a Federal offense. . . ."   18 U.S.C. § 3771(e). Congress has also enacted a specific restitution section, at 18 U.S.C. § 2259, for child pornography offenses in Chapter 110.  That definition of "victim" "means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim . . .,

---

[1] Defense counsel will argue in its sentencing memorandum filed separately to the Court that the letter should be given very little weight because it demonstrates that the parents are not aware of the true facts of this case.

another family member, or any other person appointed as suitable by the court. . . ." 18 U.S.C. § 2259(c).

In this case, the complainant is now over 18 years old.  If she were still under 18, the legal guardians of the victim, or family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter.  18 U.S.C. § 3771(e). However she is now over 18 years old.  She has the right and ability to speak for herself at the sentencing hearing.  She is neither incompetent, incapacitated, nor deceased.  She has not invoked her rights under 18 U.S.C. § 3771. While the statute does allow that "the crime victim or the crime victim's lawful representative, and the attorney for the government may **assert** the described in (the rights of crime victims) subsection (a)" it does not allow for the crime victim to **assign** her rights to someone else if she is over 18 and not incompetent or incapacitated.  Since the complainant is over 18 years old, the parents may not assume her rights under the act.  See United States v. Hunter, 2008 U.S. Dist. LEXIS 443 *3 (D. Utah 2008)(CVRA allows family members to assume crime victim's rights "when the victim is not able to assert her own rights") aff'd sub nom In re Antrobus, 519 F.3d 1123 (10th Cir. 2008).

It does not matter that the victim was under 18 years old at the time of the crime; the statute speaks in the present tense and Congress's choice of verb tense indicates that its concern is with the age of the victim at the time the right is asserted.  See Carr v. United States, 130 S.Ct. 2229 (2010) (analyzing Congress's use of the present tense in determining the statute's temporal reach).  As the Supreme Court recently reasoned in Carr, the "present tense generally does not include the past."  Accordingly, the Crime Victims' Rights Act looks to current age or disability.  Since the victim is an adult now, her family has no standing under the act.

Second, it is clear that the family members are not themselves the victims of Mr. Fox's crime. Hunter, at *19.  Although they are upset at what they perceive happened to the victim, they did not suffer direct and proximate harm from the crime.  18 U.S.C. § 3771(e).

The statute expressly gives adult victims the right to be "independent participants in the criminal justice process."  Kenna v. United States Dist. Ct., 435 F.3d 1011, 1013 (9th Cir. 2006).   This victim's decision not to file her own statement in this case must be given effect.

The defense requests that the letter from CC's parents be stricken from the PSR. See e.g., United States v. Burkholder, 590 F.3d 1071 (9th Cir. 2009)(even though letters were submitted under the Crime Victims' Rights Act, district court could strike them from the PSR). The defense agrees that the letter can be read and considered by the Court for the purposes of sentencing, but that it should do so in light of all of the true information about this case and not as a victim impact statement.

WHEREFORE, Mr. Fox respectfully submits his objections to this Honorable Court for its consideration.

DATED: July 18, 2019                    Respectfully submitted,

                                        HEATHER E. WILLIAMS
                                        Federal Defender

                                        */s/ Lexi P. Negin*
                                        LEXI P. NEGIN
                                        Assistant Federal Defender
                                        Attorney for CAMERON FOX